**Pamela R. GORDON, on behalf of herself and all others similarly situated, Plaintiffs,**

v.

**RELIANT ENERGY, INC., et al., Defendants.**

**No. 00CV2525 BTM RBB.**

United States District Court, S.D. California.

April 24, 2001.

Ralph B. Kalfayan, Krause and Kalfayan, San Diego, CA, for Pamela R. Gordon.

Christopher J. Healey, Robert G. Steiner, Luce Forward Hamilton and Scripps, San Diego, CA, J. Gregory Copeland, Brady Edwards, J. Michael Baldwin, Baker Botts, Houston, TX, Mark Robeck, Baker Botts, Austin, TX, for Reliant Energy, Inc., Reliant Energy Power Generation, Inc.

Charles H. Dick, Jr., Baker and Mackenzie, San Diego, CA, for Southern Co.

Timothy B. Taylor, Sheppard Mullin Richter and Hampton, San Diego, CA, for NRG Energy.

Douglas Ray Tribble, Pillsbury Winthrop, San Diego, CA, for Dynegy, Inc.

Katherine Koransky Pothier, Coughlan Semmer and Lipman, San Diego, CA, Dane Hall Butseinkas, Richard Hackney Wiegmann, Stephen David Raber, Williams and Connolly, Washington, DC, for AES Corp.

Jeffrey M. Shohet, Gray Cary Ware and Freidenriuch, San Diego, CA, for Williams Energy.

Bruno William Katz, Chapin Shea McNitt and Carter, San Diego, CA, Joel B. Kleinman, James van R. Springer, Dickstein Shapiro and Morin, Washington, DC, John A. Reding, Paul Hastings Janofsky and Walker LLP, San Francisco, CA, for Duke Energy North America, Duke Energy Trading and Marketing LLC.

## ORDER OF RECUSAL

MOSKOWITZ, District Judge.

The above captioned case is one of three before the Court in which various plaintiffs have filed suit against various generators and traders of wholesale electricity in California. The suit, styled as a class action, is brought on behalf of persons who have purchased electricity, for purposes other than resale or distribution, from San Diego Gas and Electric ("SDG & E"), Pacific Gas and Electric ("PG & E"), and Southern California Edison ("SCE") since 1999.

## I. THE *HENDRICKS* AND *GORDON* CASES

This suit was originally filed in San Diego Superior Court, and was removed to this Court on December 20, 2000. A related case, *Hendricks v. Dynegy Power Marketing, Inc.*, 00CV2524 BTM (RBB), similarly styled as a class action, was removed on the same day. Plaintiffs in both cases filed a motion to remand, and defendants promptly filed *ex parte* applications to stay proceedings pending the resolution of defendants' motion to transfer currently before the Judicial Panel on Multidistrict Litigation.[1]

Plaintiffs' motions to remand were calendared for hearing on March 26, 2001. In light of defendants' motions to stay, the Court ordered the parties to appear on March 22, 2001. At the March 22, 2001 hearing, the Court *sua sponte* raised the issue of recusal in light of the fact that the Court was a putative class member in both cases. The Court asked the parties for briefing on the recusal issue, vacated the hearing date for the remand motions, and set a hearing for April 17, 2001 on the recusal and stay issues.

Pursuant to 28 U.S.C. § 455, the Court must recuse itself from any proceeding in which its "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Additionally, a judge is required to recuse himself if

> [h]e knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding.

28 U.S.C. § 455(b)(4). Similarly, a judge must recuse if the judge "or his spouse, or a person within the third degree of rela-

---

1. Although defendants denominated their filing as a "motion," it was, in reality, an *ex parte* application. Because it was styled as a motion, defendants' application was docketed as such. Accordingly, the Court will henceforth refer to defendants' *ex parte* application as a motion.

tionship to either of them, or the spouse of such person ... [i]s a party to the proceeding." 28 U.S.C. § 455(b)(5)(i).

"[C]lass members are parties within the meaning of section 455(b)(4)." *In re Cement Antitrust Litigation,* 688 F.2d 1297, 1315 (9th Cir.1982). Whether putative class members are parties as contemplated in section 455(b)(4) and (b)(5)(i) has not yet been determined by the Ninth Circuit. In *Tramonte v. Chrysler Corp.,* 136 F.3d 1025 (5th Cir.1998), the Fifth Circuit concluded that putative class members qualify as parties under section 455(b)(4). *Tramonte,* 136 F.3d at 1030. In so concluding, the court stated that

> where a judge, her spouse, or a minor child residing in her household is a member of a putative class, there exists a 'financial interest' in the case mandating recusal under § 455(b)(4). The statute stresses that any financial interest, 'however small' requires the recusal of a judge. The fact that a class has not yet been certified unquestionably diminishes the expected value of the outcome of the litigation to the interested judge, as it makes a financial recovery less certain. Yet recovery in any matter that has not yet reached final judgment is uncertain; otherwise, there would be no case or controversy. Because § 455(b)(4) requires recusal for even paltry financial interests, the increased uncertainty of recovery in the precertification stage of a class action affects the size but not the existence of a disqualifying financial interest.... An assertion that a member of a putative class lacks a financial interest relevant to the trial court's decision until after the class is certified blinks at reality.

*Id.* Given the Ninth Circuit's determination that members of a class action are deemed parties for purposes of section 455, *see In re Cement Antitrust Litiga-*

*tion,* 688 F.2d at 1315, coupled with the logic set fourth in *Tramonte,* the Court concludes that the issue of recusal is one which must necessarily be addressed at the outset of these cases.

It is clear that, as a purchaser of electricity from SDG & E, the undersigned judge and his family members are parties to these actions. Thus, under 455(b)(5)(i), the Court should automatically recuse. However, in the wake of the March 22, 2001 hearing, plaintiffs in both the *Hendricks* and *Gordon* cases amended their complaints to exclude the following as members of the class:

> (1) any judge who hears any aspect of this litigation, whether in state or federal court or at trial or on appeal, (2) the judge's spouse, minor children residing in the household, or personal staff (including, but not limited to, secretaries, law clerks, and research attorneys), or (3) any person within the third degree of relationship to either the judge or his or her spouse, or the spouse of such a person.

(Gordon First Amnd. Cmpl., ¶ 20; Hendricks First Amnd. Cmpl., ¶ 16.) According to plaintiffs, this amendment renders the issue of recusal moot and removes any impediment to proceeding with the cases. The Court disagrees.

■ As customers of SDG & E, the undersigned judge, his family members, and staff have legal claims identical to those raised by plaintiffs, regardless of the exclusionary provisions in plaintiffs' suits. The exclusionary provisions do not prevent any judge, member of the judge's family, or member of the judge's staff from initiating or participating in a suit against the same defendants for the same causes of action. In other words, the exclusionary provisions do not extinguish the underlying interest held by every purchaser of electricity from SDG & E.

Taking the exclusionary provisions to their logical conclusion clearly reveals the existence of an interest in the judge whom the provisions are designed to divest. For example, a judge who would otherwise be in the class but for the exclusionary provisions would necessarily have to decide whether his or her family members or staff would be certified as members of the class. Additionally, should members of a judge's family or staff wish to intervene in the cases, the judge would be required adjudicate the matter. Even if members of the judge's family or staff were involved in related litigation not before the judge, decisions of the judge could nevertheless have a preclusive effect in any related actions. *See, e.g., In re Aetna Casualty & Surety Co.,* 919 F.2d 1136, 1143 (6th Cir. 1990) ("A decision on the merits of any important issue in any of the [consolidated cases], moreover, could or might constitute the law of the case in all of them, or involve collateral estoppel, or might be highly persuasive precedent."). Undoubtedly, as these scenarios illustrate, the exclusionary provisions do not escape the reach of section 455(b).[2]

Recusal in these cases is mandatory if the undersigned judge, his spouse, or minor child residing in his household has "a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4). While potential recoveries are speculative, at the April 17, 2001 hearing, the *Gordon* plaintiffs estimated that the potential damages of the representative plaintiff were at least $100 per month over a period of

approximately twelve months.[3] Thus, the representative plaintiff's potential recovery to date is nearly $1200, not including treble damages to which plaintiffs may be entitled under California law.

Assuming for the purposes of recusal that the representative plaintiff's potential damages are similar to those of the Court, recusal is necessary because the Court concludes that its interests here qualify as both "financial" and as "any other interest." *See* 28 U.S.C. § 455(b)(4). A financial interest is defined, in relevant part, as an "ownership of a legal or equitable interest, however small...." 28 U.S.C. § 455(d)(4). Courts examining somewhat analogous scenarios have concluded that a potential for reduced utility prices do not qualify as financial interests. *See In re Virginia Elec. & Power Co.,* 539 F.2d 357, 368–69 (4th Cir.1976); *In re New Mexico Natural Gas Antitrust Litig.,* 620 F.2d 794, 796 (10th Cir.1980). However, the facts here compel the Court to reach a different conclusion. If plaintiffs were to prevail, purchasers of electricity from SDG & E would potentially be entitled to substantial damages. Thus, the Court determines that the interest in a claim or cause of action against defendants qualifies as an "ownership of a legal or equitable interest." The Court has a clear financial interest in the subject matter.

Likewise, the Court's interest clearly qualifies under section 455(b)(4) as "any other interest." Plaintiffs are seeking treble damages, which if awarded, could benefit the class members in amounts that exceed $7200 by the time this case goes to

---

**2.** The Court raises these scenarios merely to demonstrate that the exclusionary provisions do not divest a judge of his or her interest in the claims. The Court does not rest its decision to recuse based upon potential recusal issues that may arise in the future.

**3.** The *Gordon* complaint states that the class period is "from May 22, 2000 through the date of trial." (Gordon First Amnd. Cmpl. ¶ 16.)

trial.[4] Assuming *arguendo* that plaintiffs are entitled only to a reduction in their monthly electricity bills, the representative plaintiff's figure of $100 per month far exceeds amounts contemplated by the Advisory Committee on Codes of Conduct. In commenting on Canon 3C of the Code of Conduct for United States Judges, the Committee advises that

> [i]f a judge or any person within the third degree of relationship remains a member of a class entitled to receive damages as a customer of a public utility, the judge should recuse. However, if the judge and such persons within the third degree of relationship opt out of the class, the judge is not required to recuse merely because of the judge's status as a utility customer, notwithstanding the possible beneficial effect on future utility bills, unless the savings as a customer might reasonably be considered substantial. In this case, 60 cents per month as of 1984 plus normal increases is not considered substantial.

Compendium § 3.1–6[4](c).

The Committee similarly advises that a judge need not recuse if he or she is a class member in a class action that seeks only injunctive or declaratory relief unless the judge's interest in the action is "unique" from that of other members of the general public included in the class. Compendium § 3.1–6[4](d). This provision clearly does not preclude recusal here, as these suits seek monetary damages. Also inapplicable in the instant cases is 28 U.S.C. § 455(f), which precludes recusal "after substantial judicial time has been devoted to the matter" if the judge or

interested family member "divests himself or herself of the interest that provides the grounds for the disqualification." Because these cases are in their early stages, substantial judicial time has not been expended by the Court. Therefore, the mandatory recusal provisions of section 455(b) are still implicated.

The Court recognizes that, in certain circumstances, the rule of necessity dictates that a judge preside over a case despite his or her personal interest if the parties would otherwise be denied a forum. *See United States v. Will*, 449 U.S. 200, 213–217, 101 S.Ct. 471, 66 L.Ed.2d 392 (1980). The instant cases do not require application of the rule. Should there be no other judge in this district who is able to adjudicate the cases, a visiting judge who is not an interested party could preside over the cases. Indeed, visiting judges are routinely dispatched to sit in this district due to the heavy case load. Accordingly, for the reasons set forth above, the Court hereby recuses itself from both the *Hendricks* and *Gordon* cases.

## II. THE *SWEETWATER* CASE

On March 5, 2001, a third case, *Sweetwater Authority v. Dynegy*, 01CV387 BTM (RBB), was removed from San Diego Superior Court to this Court. Unlike *Hendricks* and *Gordon*, *Sweetwater* is not styled as a class action. The *Sweetwater* plaintiffs are municipal water districts. *Sweetwater* is nevertheless related to the two class actions. The *Sweetwater* defendants are identical to the majority of the *Hendricks* and *Gordon* defendants. More-

---

4. This figure is derived from the amount that the *Gordon* representative plaintiff claims are her current monthly damages ($100), multiplied by twelve months, which is the approximate period of time that has passed to date. Assuming that pretrial proceedings will take at least twelve months, the representative

plaintiff's damages could be increased by an additional $1200 (12 × $100). Thus, if plaintiffs prevail, the representative plaintiff would potentially be entitled to $2400. If plaintiffs receive the treble damages they seek under California law, the representative plaintiff could receive as much as $7200.

over, the *Sweetwater* causes of action are brought under the same provisions of California law as are the claims in *Hendricks* and *Gordon.*

Plaintiffs contend that the Court's determination of whether to recuse in the class actions should not affect their case. Specifically, plaintiffs argue that recusal is unnecessary in *Sweetwater* because the Court is not an interested party. While the Court recognizes the plaintiffs' desire to expeditiously move their case forward, the Court finds that recusal is similarly necessary in *Sweetwater.*

As discussed *supra* in relation to the *Hendricks* and *Gordon* cases, issues decided in any related action, including *Sweetwater,* could have a preclusive effect in *Hendricks* and *Gordon. See, e.g., Aetna,* 919 F.2d at 1143 (6th Cir.1990). Thus, any decision on the merits made by the Court could result in collateral estoppel in the related cases in which the undersigned judge, a member of his family, or a member of his staff has a personal interest.

· In support of their position, plaintiffs refer the Court to *In re Kansas Public Employees Retirement System,* 85 F.3d 1353 (8th Cir.1996). In that case, the Eighth Circuit declined to consider whether a judge's ruling in one case would have a collateral effect on issues in a separate case because there were no common issues remaining in the two cases. *Kansas Public Employees,* 85 F.3d at 1361. *Sweetwater* is clearly distinguishable because it shares the same defendants and the same claims with *Hendricks* and *Gordon.* Given these facts, the Court concludes that recusal in *Sweetwater* is necessary as the Court effectively has an interest in the subject matter of the dispute.

### III. CONCLUSION

For the reasons set forth above, the Court hereby RECUSES itself from *Hen-*

*dricks v. Dynegy Power Marketing, Inc.,* 00CV2524 BTM (RBB); *Gordon v. Reliant Energy, Inc.,* 00CV2525 BTM (RBB); and *Sweetwater Authority v. Dynegy, Inc.,* 01CV387 BTM (RBB).

**IT IS SO ORDERED.**